

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 4, 2019

By ECF

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Serge Edouard
                Criminal Docket No. 05-0400 (ERK)

Dear Judge Korman:

      I am writing in response to the defendant's Motion to Correct Clerical Error Regarding Sentence to Accurately Provide Credit for Time Served ("Def. Mot."), filed on September 19, 2018. (ECF No. 27). The defendant specifically requests that his judgment be amended to account for time served in the custody of the Bureau of Prisons ("BOP") in connection with a criminal prosecution in the Southern District of Florida ("SDFL"), while the instant case was pending in the Eastern District of New York ("EDNY"). The government respectfully requests that the defendant's motion be denied because there was no error in the defendant's judgment.

I.     Procedural History

    A.  The Southern District of Florida Case

      On April 15, 2005, the defendant was arrested in SDFL pursuant to a warrant. (SDFL Cr. Dkt. 05-CR-20355 (KMM)). The defendant made his initial appearance in SDFL that same day and was detained pursuant to a temporary order of detention. (SDFL ECF. No. 8). On May 10, 2005, a detention hearing was held and the Court ordered the defendant permanently detained pending trial. (SDFL ECF No. 18).

      On July 21, 2005, following a jury trial, the defendant was convicted of all 11 counts submitted to the jury for consideration. On September 30, 2005, the defendant was sentenced to a term of life imprisonment followed by 10 years of supervised release as to Count One, 240 months' imprisonment followed by three years of supervised release as to

Count Three, and 120 months' imprisonment followed by three years of supervised release as to Counts Three through Eleven, with all terms to run concurrently. (SDFL ECF No. 74).

On February 28, 2018, the defendant's sentence was amended pursuant to Rule 35(b), upon motion by the government. The defendant was re-sentenced to two terms of 240 months' imprisonment as to Counts One and Two, and 120 months' imprisonment as to Counts Three through Eleven, with all terms to run concurrently. (SDFL ECF No. 205).

The defendant has remained in the custody of the Bureau of Prisons since April 15, 2005, when he was arrested in SDFL, through the present.

### B. The Eastern District of New York Case

While the defendant was in custody in SDFL, on May 20, 2005, the instant indictment (the "Indictment") was filed against the defendant.[1] The defendant was transferred to New York, by writ, on November 1, 2006, where he remained in federal custody (Presentence Investigation Report ("PSR") ¶ 51). The defendant made his initial appearance in EDNY on February 25, 2008 and pleaded guilty pursuant to an agreement with the government on the same date. (ECF No. 5). The criminal conduct that served as the basis of the SDFL convictions was relevant conduct to the EDNY conviction. (PSR ¶ 10, 34).

The defendant was sentenced on February 9, 2010, by The Honorable Sandra L. Townes, to 262 months' custody to be served "concurrently with the undischarged term of imprisonment in the Southern District of Florida." (Sentencing Transcript ("Tr.") 18). In imposing its sentence, the Court considered the factors enumerated in 18 U.S.C. 3553(a), as well as the nature and circumstances of the offense, and explained why it was imposing a sentence at the lowest end of the advisory guideline range. (Tr. 16-18). The PSR upon which the Court relied in determining sentence (see Tr. 3) explicitly stated that the defendant had been in custody since April 15, 2005. (PSR ¶ 23).

## II.  Legal Standard

Rule 36 of the Federal Rules of Criminal Procedure allows a court to correct a clerical error in a judgment. Rule 36 does not permit a district court to correct a defendant's sentence following a credit calculation made by the BOP. United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995); accord Garcia-Cruz v. United States, 270 F. Supp. 2d 353, 355 (S.D.N.Y. 2003) ("Rule 36 is not meant to be used for that purpose"—i.e., addressing the BOP's jail-time credit calculation post-sentencing). The Second Circuit in Werber noted that this is so even though the district court in that case wrongfully assumed that the BOP would apply certain credit.

---

[1] The defendant incorrectly states that the Indictment was obtained on April 20, 2005 in the Southern District of New York. (Def. Mot. at 1, 3).

2

The Second Circuit has held that only the Attorney General, through the BOP, has authority to make credit determinations pursuant to 18 U.S.C. § 3585(b). United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998). District courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Id.; United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998); United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995)). See also United States v. Garcia, 665 F. App'x 62, 64-65 (2d Cir. 2016) (summary order) ("It is also the BOP, and not the district court, that is vested with authority to decide whether to credit time [the defendant] served in state prison toward his federal sentence.").

Under Section 3585(a), a sentence of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). Because a sentence cannot commence until the criteria of Section 3585(a) have been met, the amount of credit to be given a defendant is to be made by the BOP *after* sentencing. See United States v. Wilson, 503 U.S. 329, 335.

Under 18 U.S.C. § 3585(b), a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

   (1)  as a result of the offense for which the sentence was imposed; or

   (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

   that has not been credited against another sentence.

   18 USCS § 3585(b).

The plain language of Section 3585(b) precludes double-crediting time already spent in presentence detention. Moreover, Section 3585(b) is not applicable at the time sentence is imposed. United States v. Wilson, 503 U.S. 329, 333, 335.

One district court attempted to grant credit to a defendant who had served time in state custody prior to his transfer to federal custody to face related federal charges by specifying the date from which credit for time served should given on the judgment. United States v. Gonzalez, 192 F.3d 350, 353 (2d Cir. 1999). The Second Circuit found that the district court exceeded its authority when it backdated the commencement of sentence in this manner and emphasized that only the BOP has the authority to determine when a defendant's sentence starts. Id. The proper method for ensuring that a defendant receives credit for prior time in custody is to sentence the defendant to less time. See id.; United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b), comment. (n. 2(C) and (D)).

3

III.   Discussion

The defendant argues that the Court was silent or at least ambiguous as to when the calculation of the defendant's concurrent sentence should commence. (Def. Mot. at 2). The defendant requests the Court to "clarify" that the defendant be given credit for time served in BOP custody after he was indicted in EDNY and restrained as a result of the Indictment. (Id. at 3.) However, there was no clerical error made, nor is there a need to clarify the record.

The date upon which a defendant's sentence commences is determined by 18 U.S.C. § 3585(a); it is not something for the district court to determine. The law makes clear that the district court may not dictate to the BOP how much credit, if any, should be given to a defendant who has been in custody. A court has discretion in some instances, such as this, to run a sentence concurrently or consecutively to an undischarged term of imprisonment, see U.S.S.G 5G1.3, but it may not specify the date upon which a sentence commences.

In this case, the Court sentenced the defendant to a term of 262 months' custody to run concurrently with the undischarged term of imprisonment remaining on his SDFL sentence. When it announced its sentence on February 9, 2010, it had fully considered the factors of 18 U.S.C. 3553(a) and had no reason to expect that the BOP would give the defendant any credit for any prior time served in custody. The defendant's prior custodial term had already been credited toward the defendant's sentence on the SDFL case and cannot also be credited toward the defendant's EDNY sentence. Providing the defendant credit toward both sentences would violate 18 U.S.C. § 3585(b).

At the defendant's sentencing, the Court specifically referenced the *undischarged* term of imprisonment in SDFL, demonstrating that the Court had no intention of giving the defendant credit for prior time spent in custody. Moreover, the PSR relied on by the Court at sentencing explicitly stated that the defendant had been in custody since April 15, 2005 in Florida and that he didn't plead guilty until February 9, 2010. Had the Court wanted to ensure that the defendant spent less than 262 months in custody for his criminal conduct in this case, the Court simply could have imposed a lower sentence, as recommended by Application Notes 2(C) and (D) of U.S.S.G. § 5G1.3(b). Under U.S.S.G. § 5G1.3(b), if there has been time served on an undischarged term that will not be credited to the new sentence, a court should adjust the sentence by reducing it accordingly. The Court chose not to do so in this case.

The Court explicitly found that a concurrent sentence was appropriate and properly allowed the BOP to make its credit calculation after the defendant's sentence had commenced. There was no ambiguity or oversight that ought to be corrected.

IV.    <u>Conclusion</u>

        Based on the foregoing, the government respectfully asks the Court to deny the defendant's motion.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ Virginia Nguyen
      Virginia Nguyen
      Special Assistant U.S. Attorney
      (718) 254-6280

cc:    Clerk of the Court (by ECF)
       David Macey, Esq. (by ECF)