

May 31, 2019

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **United States v. Serge Edouard**
   <u>**Criminal Docket No. 05-0400 (ERK)**</u>
   **Reply to Government's Response to Motion to Correct Clerical Error**

Dear Judge Korman:

      I am writing regarding the Defendant's Motion to Correct Clerical Error Regarding Sentence Commencement to Accurately Provide Credit for Time Served. The Defendant respectfully requests that the Court clarify the correct Sentence Commencement date to account for time served while in Bureau of Prisons ("BOP") custody in relation with a criminal prosecution in the Southern District of Florida ("SDFL"), while the instant case was pending in the Eastern District of New York ("EDNY").

I. <u>Procedural History</u>

1. On May 12, 2004, the U.S. Attorney from the SDFL filed a criminal complaint against Mr. Edouard.

2. On April 15, 2005, Mr. Edouard was arrested and placed in a temporary detention facility.

3. On April 20, 2005, the U.S. Attorney from the SDFL obtained an indictment against Mr. Edouard.

4. On May 20, 2005, while Mr. Edouard was in custody in the SDFL, an indictment was filed in the EDNY and a detainer was placed against Mr. Edouard.

5. On July 21, 2005, a jury in Florida returned a verdict of guilty on all counts.

6. On September 30, 2005, Mr. Edouard was sentenced in the SDFL to a term of life imprisonment, a term of 240 months, and nine terms of 120 months, to be served concurrently.

Case 1:05-cr-00400-ERK   Document 33   Filed 05/31/19   Page 2 of 6 PageID #: 130

After his sentencing, he remained in temporary detention while he waited to be transferred to New York to await his EDNY trial.

7. On November 1, 2006, Mr. Edouard was transferred to New York where he was held in a temporary federal detention center in Brooklyn, New York for the purposes of being housed while he awaited his EDNY case. The facility he was placed in is not the official BOP designated detention facility where he was to serve his Florida sentence.

8. On February 25, 2008, Mr. Edouard had his initial appearance before the Honorable Court and also entered into a plea agreement with the EDNY.

9. After spending four (4) years, eight (8) months, and twenty-one (21) days (1,726 days) in temporary detention, on February 9, 2010, the EDNY sentenced Mr. Edouard to 262 months imprisonment. The sentence was to be served concurrently with the life sentence imposed in the SDFL. After his EDNY sentencing, Mr. Edouard was transferred to his official BOP designated detention facility in Allenwood, Pennsylvania where he was to serve his concurrent sentences.

10. On February 28, 2018, Mr. Edouard's sentence in the SDFL was amended     pursuant to a Rule 35 Motion filed by the United States. Based on the Rule 35 Motion, the Court altered Mr. Edouard's sentence to two terms of 240 months and nine terms of 120 months, to be served concurrently.

11. When Mr. Edouard's life sentence was removed, inquiries to the BOP were made regarding the time served by Mr. Edouard and the remaining time on his sentence. It was then discovered that the BOP was not crediting Mr. Edouard for the time served in custody while awaiting his EDNY sentence in his temporary detention facility in Brooklyn.

12. On September 18, 2018, a Motion to Correct Clerical Error Regarding Sentence to Accurately Provide Credit for Time Served was submitted to the EDNY.

13. On March 4, 2019, the Assistant U.S. Attorney from the EDNY requested that the Court deny the Motion to Correct Clerical Error Regarding Sentence to Accurately Provide Credit for Time Served claiming that there was no error in the Defendant's judgment and that he was not entitled to credit for that time served in prior custody.

14. Defense counsel began researching the issue raised by the Assistant U.S. Attorney and in response found two favorable cases, <u>Alcantara v. Hollingsworth</u>, 186 F. Supp. 3d 332 (D.N.J. 2016) and <u>Walton v. Maye</u>, No. 11-0844, WL 3423361 (W.D. Tex. 2011). Both of the cases involved situations nearly identical to Mr. Edouard's case. In these cases, as in ours, the defendants were sentenced in one state, and then placed in a temporary detention facility in another state, for the purposes of awaiting a second trial. In both cases, the courts ruled that the defendants were entitled to credit for time spent in custody while awaiting the second trial. They distinguished the temporary detention facilities where the defendants were held from the official detention facilities discussed in § 3585(a).

Page 2/6

135 San Lorenzo Avenue, PH-830 · Coral Gables, FL 33146 • Telephone: (305) 860-2562 • Facsimile: (305) 675-5841
www.DavidMacey.com

Both courts held that the temporary facilities were not the official BOP designated detention facilities where the defendants were to serve their prior sentences, but rather a temporary holding facility where they awaited the conclusion of their pending cases in the second state. Therefore, their first trial sentences did not commence until their second trial sentences commenced because only then were they in custody awaiting transportation to the official BOP designated detention facility where they were to serve both sentences.

15. Hoping to show that Mr. Edouard is entitled to this credit for his time spent in these temporary detention facilities, these cases were presented to the Assistant U.S. Attorney. After several discussions, the Assistant U.S. Attorney agreed with the undersigned that Mr. Edouard is entitled to credit for the time he spent in custody prior to his ultimate sentencing in the EDNY case. However, she was not comfortable joining our position as it is unclear whether Mr. Edouard has exhausted his administrative remedies.

## II. Legal Standard

This dispute is authorized under Fed. R. Crim. Pro § 36 and dictated by the terms of 18 U.S.C. § 3585. Under Fed. R. Crim. Pro § 36, a court may correct a clerical error in a judgment. The plain language of 18 U.S.C. § 3585 is as follows:

§ 3585 Calculation of a Term of Imprisonment

(a)   Commencement of Sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)   Credit for Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1)   as a result of the offense for which the sentence was imposed; or

(2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

## III. Analysis

In calculating a sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. Here, the BOP has committed an error in determining when Mr.
Edouard's SDFL sentence commenced and as a result, an error has also been made in determining whether Mr. Edouard was entitled to credit for prior custody. Under § 3585(a), a sentence "commences on the date the defendant is received in custody awaiting transportation to

135 San Lorenzo Avenue, PH-830 · Coral Gables, FL 33146 • Telephone: (305) 860-2562 • Facsimile: (305) 675-5841
www.DavidMacey.com

[…] the official detention facility at which the sentence is to be served." Under § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."

There are two favorable cases that are nearly identical to Mr. Edouard's case, Alcantara v. Hollingsworth and Walton v. Maye, where the court has interpreted when a sentence commences under the proper application of § 3585. In both of these cases, the defendants were sentenced in one state, and then placed in a temporary detention facility in another state while they awaited sentencing in a second case. The courts ruled that the defendants were entitled to credit for the time spent in custody while awaiting the second case because the temporary detention facilities where the defendants were held were not considered their official BOP designated detention facilities. Only when they were sentenced in the second case were they considered to be in custody awaiting transportation to the official BOP designated detention facility where they were to serve both sentences.

In Alcantara v. Hollingsworth, the defendant was sentenced in Florida and placed in a temporary detention facility in New York for almost three years, where he awaited a sentence for pending charges in New York. The court in Alcantara held that the New York detention facility was not the defendant's official detention facility where his Florida sentence was to be served, but rather a temporary detention center where he was held for the purpose of awaiting sentencing in the New York case. Similarly, here, Mr. Edouard was only placed in a temporary facility for the purposes of being housed while he awaited his EDNY sentence, rather than the official BOP designated facility at which his SDFL sentence was to be served.

Additionally, the court in Alcantara also clarified how to determine the correct "commencement date." As the defendant was placed in a temporary facility rather than the official BOP designated facility where his first sentence was to be served, the court determined that both the Florida and New York sentences commenced on the day of the New York sentence because only then was the defendant awaiting transportation to the official facility where both of his sentences were to be served. Likewise, here, Mr. Edouard's SDFL and EDNY sentences commenced on the day he received his sentence in the EDNY case because that is when he was awaiting transportation to the official facility where he would serve his concurrent sentences for both Florida and New York.

Furthermore, in Walton v. Maye, the defendant was sentenced in Tennessee, and then transferred to a temporary detention facility in Pennsylvania, where he awaited a sentence for pending charges in Pennsylvania. The court in Walton held that the defendant was entitled to credit because there was no evidence indicating that the Pennsylvania facility where he was held was the official detention facility where he was to serve his Tennessee sentence. Similarly, here, there was no indication that the temporary facility where Mr. Edouard was housed during the New York case was the official BOP designated detention facility for his SDFL sentence, but rather, all evidence indicates that he was transferred there and placed in pre-trial detention custody specifically to await the conclusion to his EDNY case.

Moreover, the court in Walton also ruled that there was no evidence that while the defendant was in the temporary detention facility that he was there "awaiting transportation" to the BOP facility in which he was going to serve his Tennessee sentence, nor was there evidence that the BOP even designated an institution where he was to serve the Tennessee sentence during

Page 4/6

135 San Lorenzo Avenue, PH-830 · Coral Gables, FL 33146 • Telephone: (305) 860-2562 • Facsimile: (305) 675-5841
www.DavidMacey.com

that time. The court held that due to this lack of evidence there was no basis to conclude that the defendant's Tennessee sentence commenced at any point during the time he was being detained for the Pennsylvania case, and therefore the defendant should be credited for time spent in prior custody while awaiting sentencing in the Pennsylvania case.

These cases are identical to Mr. Edouard's case. Therefore, following the rulings from Alcantara and Walton, Mr. Edouard's SDFL sentence began on the same day as his EDNY sentence and he is entitled to credit for the time served in temporary detention facilities prior to that date. Since the commencement date is the same, double counting of the time is not an issue.

Accordingly, since Mr. Edouard was indicted in the EDNY on May 20, 2005 and held in temporary detention facilities until his sentencing on February 9, 2010, Mr. Edouard is entitled to approximately four (4) years, eight (8) months, and twenty-one (21) days (1,726 days) of credit for prior custody.

If the Honorable Court does not agree that credit should begin from the date he was indicted in New York, alternatively, Mr. Edouard should—at a minimum—be given credit for the time that he served after he was sentenced in the SDFL and was awaiting to be brought to the EDNY, which was September 30, 2005. Thereby, under this scenario, Mr. Edouard should receive an additional four (4) years, four (4) months, and eleven (11) days (1,594 days) of credit towards his sentence.

As Mr. Edouard's SDFL sentence did not commence until his EDNY sentence commenced, the time he served in temporary detention facilities prior to February 9, 2010 was not already accounted for. The Assistant U.S. Attorney, after reviewing Alcantara v. Hollingsworth and Walton v. Maye, now agrees that double counting is not a factor here. However, she will not agree to join in our position as she believes it is unclear whether Mr. Edouard has exhausted his administrative remedies. Therefore, the Assistant U.S. Attorney believes it is unnecessary for the court to take any action until it is proven that Mr. Edouard has exhausted his administrative remedies.

Nevertheless, we now agree that Mr. Edouard is entitled to credit for prior custody. However, we disagree as to this Honorable Court's role in remedying the situation. We are not asking for the court to order the BOP to give Mr. Edouard the credit; we are only seeking to clarify the correct sentence commencement date and the correct start date of the pre-trial credit.

## IV. Conclusion

Based on the proper application of § 3585 and the case law presented above, the Defendant, Serge Edouard, respectfully requests clarification from the court that his sentence is:

- Two hundred sixty-two (262) months imprisonment
- To be served concurrently with the undischarged term of imprisonment imposed in the Southern District of Florida
- Five (5) years of supervised release upon release from imprisonment
- Credit for all pre-trial custody beginning from May 20, 2005 (EDNY indictment/hold)

135 San Lorenzo Avenue, PH-830 · Coral Gables, FL 33146 • Telephone: (305) 860-2562 • Facsimile: (305) 675-5841
www.DavidMacey.com

Or, alternatively, that his sentence is:

- Two hundred sixty-two (262) months imprisonment
- To be served concurrently with the undischarged term of imprisonment imposed in the Southern District of Florida
- Five (5) years of supervised release upon release from imprisonment
- Credit for all pre-trial custody beginning from September 30, 2005 (Awaiting transfer to EDNY)

                    Respectfully Submitted,

                    By: /s/ David W. Macey
                    David W. Macey, Esq.
                    Florida Bar # 185612
                    135 San Lorenzo Ave, Suite 830
                    Coral Gables, FL 33146
                    Telephone: (305) 860-2562
                    dm@davidmacey.com

Page 6/6

135 San Lorenzo Avenue, PH-830 · Coral Gables, FL 33146 • Telephone: (305) 860-2562 • Facsimile: (305) 675-5841
www.DavidMacey.com