

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 10, 2019

By ECF

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Serge Edouard
>        Criminal Docket No. 05-0400 (ERK)

Dear Judge Korman:

I am writing to clarify the position of the government with respect to Defendant's Motion to Correct Clerical Error Regarding Sentence to Accurately Provide Credit for Time Served ("Def. Mot."), filed on September 19, 2018. (ECF No. 27). The defendant has specifically requested that his judgment be amended to account for time served in the custody of the Bureau of Prisons ("BOP") in connection with a criminal prosecution in the Southern District of Florida ("SDFL"), while the instant case was pending in the Eastern District of New York ("EDNY").

In a letter to the court, dated March 4, 2019, the government respectfully requested that the defendant's motion be denied. The defendant filed a reply on May 31, 2019, and cited two cases – Alcantara v. Hollingsworth, 186 F. Supp. 3d 332 (D.N.J. 2016) and Walton v. Maye, No. 11-0844, WL 3423361 (W.D. Tex. 2011) – to support his argument that defendant is entitled to credit for time spent in custody in SDFL while awaiting trial in EDNY. (See ECF No. 33). The government agrees that those two cases support the defendant's argument and present factually similar scenarios to the one presented here; however neither are binding precedent and no similar holdings have been identified within the Second Circuit. The legal analysis and cases cited in the government's response of March 4, 2019, are therefore still applicable, and it remains the position of the government that defendant's motion should be denied.

Moreover, in the cases cited by the defendant in his reply of May 31, 2019, the district courts each considered and granted a habeas petition that had been filed pursuant to 28 U.S.C. § 2241, in the district where each petitioner was imprisoned. See Alcantara v. Hollingsworth, 186 F. Supp. 3d 332 (D.N.J. 2016) and Walton v. Maye, No. 11-0844, WL 3423361 (W.D. Tex. 2011). The defendant here is seeking relief under Rule 36.

The government reasserts that Rule 36 does not permit a district court to correct a defendant's sentence following the BOP's "time served" credit calculation. United States v. Werber, 51 F.3d 342, 346-48 (2d Cir. 1995); accord Garcia-Cruz v. United States, 270 F. Supp. 2d 353, 355 (S.D.N.Y. 2003) ("Rule 36 is not meant to be used for that purpose"—i.e., addressing the BOP's time-served credit calculation post-sentencing). The Second Circuit in Werber noted that this is so even though the district court in that case believed it wrongfully assumed that the BOP would apply certain credit. "A district judge lacks authority to order credit in the first instance [because] that determination fall[s] within the province of the Bureau of Prisons." Delima v. United States, 41 F. Supp. 2d 359, 362 (E.D.N.Y. 1999) (citing United States v. Wilson, 503 U.S. 329, 334-36 (1992); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998); United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995)).

The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241, filed in the district where the defendant is imprisoned. Sepulveda v. United States, No. 95 Civ. 2569, 1998 WL 355182, at *4 (E.D.N.Y. June 29, 1998) (citing Werber, 51 F.3d 342, 349 n.17).

In light of the above, the government respectfully asks the Court to deny the defendant's motion.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/ Virginia Nguyen
Virginia Nguyen
Special Assistant U.S. Attorney
(718) 254-6280

cc:    Clerk of the Court (by ECF)
David Macey, Esq. (by ECF)