**ORIGINAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

RECEIVED
DEC 12 2019
PRO SE OFFICE

DEC 12 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

- - - - - - - - - - - - - - - - -

United States Of America

  - against -

Serge Edouard,
          Defendant.

- - - - - - - - - - - - - - - -X

Case No. 1:05-cr-00400-SLT

EDOUARD'S MOTION FOR "ELIGIBILITY" OF SENTENCE REDUCTION PURSUANT TO AMENDMENT 782, UNDER 18 U.S.C. § 3582(c)(2)

Comes Now, Serge Edouard ("Edouard"), by and through his own efforts, respectfully submits to this Honorable Court his Motion For "Eligibility" Of Sentence Reduction Pursuant To Amendment 782, Under 18 U.S.C. § 3582(c)(2).

## BACKGROUND

On May 20, 2005, Edouard was indicted in the United States District Court for the Eastern District Of New York, to wit: conspiracy to import five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 963, 960(a)(1) and 960(b)(1)(B)(ii) (Count One).

Later, Edouard pleaded guilty to the instant offense of "Conspiracy to import 5 kilograms or more of cocaine, 21 U.S.C. §§ 963, 960(a)(1) and (b)(1)(B)(ii)", and subsequently was sentenced to a 262 month term of imprisonment, criminal history category III, offense level 37. Edouard now moves for resentencing under the 2-level reduction promulgated pursuant to 28 U.S.C. § 994(o) and made retroactive by U.S.S.G. § 1B1.10(c), Amendment 782.[1]

---

[1] "Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels." United States v. Leonard, 844 F.3d 102, 106 (2d Cir. 2016); see also U.S.S.G. Supp. to App'x C amend. 782. Admendment 788 permits Amendment 782 to be applied retroactively. See U.S.S.G. Supp. to App'x C, amend. 788.

1

DISCUSSION

As a general matter, sentencing courts are not authorized to modify sentences after they are imposed. That rule is set forth in 18 U.S.C. § 3582, which also carves out the exception at issue here:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that --
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)
>
> to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(emphasis added).

The relevant policy statement in this regard is U.S.S.G. § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range," which lists the amendments the Sentencing Commission has made retroactive. U.S.S.G. § 1B1.10(c). Section 1B1.10(a) provides that the court's authority to reduce a defendant's term of imprisonment arises only when a retroactive amendment has the effect lowering the defendant's guideline range:

> (1) In General. --In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. --A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if --

2

>       (B) an amendment listed in subsection (c) does not
>       have the effect of lowering the defendant's
>       applicable guideline range.

U.S.S.G. § 1B1.10(a)(emphasis added).

DILLON v. UNITED STATES, 130 S. Ct. 2683 (2010)

In Dillon, the United States Supreme Court set forth a two-step inquiry applicable to sentence reduction motions brought pursuant to 18 U.S.C. § 3582(c)(2).

First, District Courts must "determined that a reduction is consistent with § 1B1.10....by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 130 S. Ct. at 2691. In particular, § 1B1.10 requires Courts to determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Id. See also United States v. Logan, 845 F. Supp 2d 499, 521 (E.D.N.Y. 2012) ("Whether a defendant's guideline range would be lowered under the Guidelines Amendment requires a Court to determine the amended guideline range that would have been applicable to the defendant if the [Guideline Amendment] had been in effect at the time the defendant was sentenced").

Second, if a defendant is eligible for a sentence reduction, District Courts must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 130 S. Ct. at 2692. Put differently, "[i]f the Court finds that the defendant is eligible for a reduction under § 3582(c)(2) and § 1B1.10, then the second step... requires the District Court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Logan, 854 F. Supp. 2d at 521.

3

Additionally, District Courts are authorized to "consider the post-sentencing behavior of the defendant any public safety concerns a reduction in sentence would raise in deciding: (1) whether a reduction in the defendant's term of imprisonment is warranted, and (2) what sentence to impose within the applicable amended guidelines range." Id. See also U.S.S.G. § 1B1.10, Application Notes 1(B)(i)-(ii) (Court "shall consider the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may" consider the "Post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether a sentence reduction is warranted and the extent of any such reduction).

## THE EFFECT OF AMENDMENT 782

Edouard offers that his sentencing range has been lowered from criminal history category III, base offense level 37, to base offense level 35 (210-262 months).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Edouard prays that the decision-maker(s) find it prudent, after further considering post-sentencing conduct, a sentencing reduction as this court deems equitable is a necessity.

Respectfully submitted,

---------------------------------
Serge Edouard
#58048-004
FCI Yazoo City Low
2225 Haley Barbour Parkway
Yazoo City, Mississippi 39194

I declare under the penalty of perjury under the laws of the United States Of America, that the foregoing is true, correct and not meant to mislead.

4

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and exact copy of the foregoing has been sent by first-class postage through the U.S. prison mailroom on the \_\_\_\_ day of _____ 2019, to the following:

Office of the Clerk
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                                        _____
                                        Serge Edouard

Serge Edouard
#58048-004
FCI Yazoo City Low
Federal Correctional Institution
2225 Haley Barbour Parkway
Yazoo City, Mississippi 39194

FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5666
YAZOO CITY, MS 39194

LEGAL MAIL
THE ENCLOSED LETTER WAS PROCESSED
ON 12-5-19 THROUGH SPECIAL
MAILING PROCEDURES.

The letter has neither been opened or inspected if the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.



Office of the Clerk
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201