

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

NR:VTN
F. #2005R012106

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 18, 2020

By ECF

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Serge Edouard
             Criminal Docket No. 05-400 (ERK)

Dear Judge Korman:

      The government respectfully submits this letter in response to the defendant's pro se motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), on the basis that Amendment 782 of the United States Sentencing Guidelines ("Guidelines") applies to the defendant and lowers the defendant's previously calculated Guidelines range. For the reasons set forth herein, the government does not object to a limited resentencing.

Background

      On May 20, 2005, the instant indictment (the "Indictment") was filed against the defendant, who was then in the custody of the Bureau of Prison in connection with a related criminal case in the Southern District of Florida. (ECF No. 1; Revised Presentence Investigation Report ("PSR") ¶¶ 10, 34, 51). The defendant was transferred to New York, by writ, on November 1, 2006. (PSR ¶ 51). The defendant made his initial appearance in EDNY on February 25, 2008 and pleaded guilty on the same date to conspiring to import cocaine into the United States, in violation of 21 U.S.C. § 963, pursuant to an agreement with the government. (ECF No. 5).

      At the time of the defendant's sentencing on February 9, 2010, the applicable Guidelines prescribed his base offense level at 38 because he was accountable for the importation of at least 150 kilograms of cocaine from Haiti. (PSR ¶ 14). The defendant received a two-level enhancement for his role in the offense, pursuant to U.S.S.G. § 3B1.1(c), and a three level reduction for acceptance of responsibility. (PSR ¶¶ 17, 20).

Thus, the defendant's adjusted offense level was 37. As set forth in the defendant's PSR, his criminal history was category III. (PSR ¶ 37). Based on a total offense level of 37 and criminal history of category III, the defendant's applicable advisory Guidelines range was 262-327 months. (PSR ¶ 79).

The defendant was sentenced by The Honorable Sandra L. Townes, to 262 months' custody (to be served concurrently with the undischarged term of imprisonment in the Southern District of Florida). (Sentencing Transcript ("Tr.") 18). In imposing its sentence, the Court considered the factors enumerated in 18 U.S.C. 3553(a), including, but not limited to the duration of the conspiracy, the defendant's history of recidivism, as well as the defendant's "good works" within his community that were referenced in the defendant's letters of support. (Tr. 16-18). The Court concluded that it would not downwardly depart from the Guidelines range and sentenced the defendant to the lowest end of the advisory Guidelines Range. (Tr. 17).

On December 12, 2019, the defendant submitted an application to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 of the United States Sentencing Guidelines. (ECF No. 35.)

Discussion

The defendant argues that he is entitled to relief under Amendment 782 of the United States Sentencing Guidelines as it would effectively lower his Guidelines range as previously calculated by Judge Townes.

Amendment 782 of the Guidelines, which became effective on November 1, 2014, lowered the penalties for most drug offenses by reducing many of the offense levels in the Drug Quantity Table in § 2D1.1 by two levels and making related adjustments. Amendment 788 of the Guidelines states that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In § 1B1.10 of the Guidelines, the Sentencing Commission articulated the proper procedure for implementing an amendment in a concluded case. In Dillon v. United States, 560 U.S. 817, 827 (2010), the Supreme Court discussed this

procedure and emphasized that § 1B1.10 is binding on district courts in § 3582(c) proceedings. The Court affirmed a two-step approach for district courts to follow:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon, 560 U.S. at 827.

Here, as stated in the Third Addendum to the PSR ("3d Add."), the defendant is eligible for a sentence reduction because Amendment 782 lowers the defendant's Guidelines range. (3d Add. 2). Specifically, the defendant's Guidelines base offense level is now 36, and his adjusted offense level is 35. The defendant remains in Criminal History Category III. Therefore, the defendant's amended Guidelines range is 210-262 months' imprisonment. (Id.)

The extent of any sentence reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); Dillon, 560 U.S. at 826; United States v. Jackson, 751 F.3d 707, 711 (6th Cir. 2014) ("Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute."). The Sentencing Commission directed in § 1B1.10(b) that, with one exception (substantial assistance, which is inapplicable here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the

3

amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); see also U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011). Therefore, the maximum sentence reduction available to the defendant is a reduction to a sentence within the amended advisory Guidelines range 210-262 months' imprisonment.

## Conclusion

      For the foregoing reasons, the government does not object to a limited resentencing.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/ Virginia Nguyen
      Virginia Nguyen
      Special Assistant U.S. Attorney
      (718) 254-6280

cc: Serge Edouard
    Reg. No. 58048-004
    North Lake Correctional Facility
    P.O. Box 1500
    Baldwin, MI 49304