

September 9, 2020

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: United States v. Serge Edouard**
**Criminal Docket No. 05-0400 (ERK)**
**Defendant's Request for Reconsideration of Sentence Reduction**

Dear Judge Korman:

In light of Probation's recent admission to providing this Court with incorrect information about the Defendant's remaining sentence, Mr. Edouard is asking this Court to reconsider his request for a sentence reduction based upon a downward departure under United States Sentencing Guideline § 5G1.3(b) to account for time he spent in custody that will not be credited by the Bureau of Prisons. Alternatively, Mr. Edouard is seeking this Court's consideration of compassionate release.

As you will recall, on June 9, 2020, Mr. Edouard submitted a memorandum of law evidencing his entitlement to receive credit for the time he spent in custody since his arrest in a related case in the SDFL on April 15, 2005. Mr. Edouard averred that BOP was not going to award him presentence credit for this time he spent in custody. On June 12, 2020, Probation submitted a letter to this Court representing that BOP did recognize and was awarding Mr. Edouard all his pre-sentence jail credit by back dating his sentence commencement date in this case from February 2010 to April 2005. This Court relied upon Probation's representation that the credit would, in fact, be applied by BOP when concluding the matter did not require intervention from this Court as it was moot.

However, in a letter dated August 3, 2020, Probation withdrew that representation and clarified that Mr. Edouard's sentence is only being reduced by less than five (5) months in presentence credit. This letter confirms that Md. Edouard "did not receive, nor could he receive, credit for any custodial time after the imposition of the SDFL sentence toward his EDNY sentence." It is now clear that BOP will not credit Mr. Edouard the time he spent in custody awaiting trial in this case. Thus, not only is this issue not moot, but it meets a requisite element for entitlement to a downward departure from this Court.

Probation's position that Mr. Edouard "could not" receive credit toward his EDNY sentence after he was sentenced in his SDFL case is inconsistent with § 5G1.3(b) which states that this Court "*shall* adjust the sentence for any period of imprisonment already served on the undischarged term" of "another offense that is relevant conduct to the instant offense of conviction." Indeed, Probation's August 3, 2020 letter references the cases as related and reports that BOP views the cases as related. Therefore, in addition to the jail credit that BOP is awarding from April 12, 2005 to September 9, 2005, this Court should additionally award Mr. Edouard jail credit from September 10, 2005 through his EDNY sentencing on February 9, 2010 – a total of 53 months.

The Court's reliance upon false information of this magnitude has resulted in a manifest injustice to Mr. Edouard by depriving him of this Court's full and fair consideration of his entitlement to presentence credit under § 5G1.3(b). Accordingly, Mr. Edouard is asking this Court to reconsider his request for a downward departure and credit him for the time he spent in custody on a related case that BOP will not apply toward his sentence in this case.

Respectfully Submitted,

David W. Macey, Esq.
Florida Bar No. 185612