

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 10, 2019

By ECF

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Serge Edouard
              Criminal Docket No. 05-0400 (ERK)

Dear Judge Korman:

      The government submits this letter in response to the Court's order directing the government to respond to the defendant's September 9, 2020 letter ("Defendant's Letter") seeking reconsideration of the defendant's motion for a reduced sentence or, in the alternative, compassionate release. See ECF No. 56. The defendant seeks a sentence reduction to account for time he spent in custody following his conviction in the Southern District of Florida ("SDFL") that has not been credited by the Bureau of Prisons ("BOP"). Id. at 1.

I.     Procedural History

      While the defendant was in custody in connection with the SDFL case, the related instant indictment (the "Indictment") was filed against the defendant. The defendant was sentenced on February 9, 2010, by The Honorable Sandra L. Townes, to 262 months' custody to be served "concurrently with the undischarged term of imprisonment in the Southern District of Florida." (Sentencing Transcript ("Tr.") 18). In imposing its sentence, the Court considered the factors enumerated in 18 U.S.C. 3553(a) and explained why it was imposing a sentence at the lowest end of the advisory guideline range. (Tr. 16-18).

      On September 19, 2018, the defendant filed a motion to correct a purported error regarding the defendant's sentence, relying on Federal Rule of Criminal Procedure 36 (the "Rule 36 Motion"). ECF No. 27. The defendant claimed that the Court made an error in the judgement which prevented the defendant from receiving credit for time he spent in custody following his conviction in the SDFL and before sentence was imposed in the instant case. Id. The government subsequently filed a response in opposition, and the Court denied the defendant's motion in an order stating the following:

> Defendant's motion to correct a clerical error regarding his sentence to provide credit for time served is denied. While his claim may have merit, see Alcantara v. Hollingsworth, 186 F. Supp. 3d 332 (D.N.J. 2016), Federal Rule of Criminal Procedure 36 is not the proper vehicle for contesting credit for prior custody. See Garcia-Cruz v. United States, 270 F. Supp. 2d 353, 355 (S.D.N.Y. 2003). Rule 36 allows the court to "correct a clerical error," but the Attorney General--not the district court-- has responsibility for computation of such credit under 18 U.S.C. § 3585. United States v. Wilson, 503 U.S. 329, 333 (1992). Errors in the application of Section 3585 are properly challenged through proceedings "under 28 U.S.C. § 2241 in the district where [the defendant is] imprisoned." United States v. Werber, 51 F.3d 342, 349 n.17 (2d Cir. 1995); see also Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

Order Denying Motion to Amend/Correct, June 19, 2020.

On December 13, 2019, the defendant filed a pro se motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), on the basis that Amendment 782 of the United States Sentencing Guidelines ("Guidelines").  ECF No. 35.  The government did not object to a resentencing, with the understanding that the maximum sentence reduction available to the defendant was a reduction to a sentence within the amended advisory Guidelines range of 210-262 months' imprisonment.  See ECF No. 39.  On May 21, 2020, the Court adopted the amended Guidelines range of 210-262 months' imprisonment and advised that the defendant would be sentenced to the minimum term of 210 months.  An amended judgement has yet to be ordered.

On May 12, 2020, the defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  See ECF No. 38.  The government opposes the defendant's motion for release and relies on the responses filed on May 28, 2020, and July 10, 2020.  ECF Nos. 42, 51.  A decision remains pending.

On June 9, 2020, the defendant submitted a motion seeking a reduction of his sentence to below 210 months, arguing that under Guidelines § 5G1.3(b), he is entitled to receive credit for the time he spent in custody on the related case in the SDFL between September 10, 2005, the date on which sentence was imposed on the SDFL case), and February 9, 2010, the date on which the instant sentence was imposed.  ECF No. 43.  On September 9, 2020, upon receiving confirmation that the BOP would not credit the defendant for time served, the defendant renewed his motion and filed Defendant's Letter.  ECF No. 56.

The government construes the Defendant's Letter as a supplement to the defendant's December 13, 2019 motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2).

Alternatively, the Defendant's Letter could be treated as a petition under 28 U.S.C. § 2255. Under either treatment, the defendant's motion fails.

II.     Discussion

    A.     <u>The Defendant's Sentence May Not be Reduced Below the Minimum of the Amended Guideline Range</u>

The extent of any sentence reduction under 18 U.S.C. § 3582(c)(2) is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. <u>See</u> 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); <u>Dillon</u>, 560 U.S. at 826; <u>United States v. Jackson</u>, 751 F.3d 707, 711 (6th Cir. 2014) ("Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute."). The Sentencing Commission directed in U.S.S.G § 1B1.10(b) that, with one exception (substantial assistance, which is inapplicable here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); <u>see</u> also U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011).

Here, the Court has already determined that the applicable amended Guidelines range of 210-262 months' imprisonment. Therefore, the maximum sentence reduction available to the defendant is a reduction to a sentence of 210 months' imprisonment.

The defendant argues that U.S.S.G. § 5G1.3(b) requires a downward departure from that Guidelines range, such that the defendant could and should be sentenced to a term of imprisonment less than 210 months. <u>See</u> U.S.S.G. § 5G1.3(b). The defendant's argument was addressed by the Second Circuit in <u>United States v. Zapatero</u>, 96.1 F.3d 123 (2d Cir. 2020), where the court held that in determining whether a sentence reduction is applicable under 18 U.S.C. § 3582(c)(2), a court may not consider U.S.S.G. § 5G1.3(b) to reduce a defendant's sentence below the minimum of the amended Guidelines range. <u>Zapatero</u> at 130; <u>see also</u> <u>United States v. Helm</u>, 891 F.3d 740, 743 (8th Cir. 2018) (U.S.S.G. § 5G1.3(b) is not a factor in determining the amended Guidelines range for purposes of deciding a 18 U.S.C. § 3582(c)(2) motion). The holding stands regardless of whether such a departure was applied at the defendant's original sentencing. <u>See id.</u> at 127, fn.3. The court based its holding on the unambiguous language used in 18 U.S.C. § 3582(c)(2), and the applicable policy statement set forth in U.S.S.G § 1B1.10(b) limiting the extent to which a sentence may be reduced. <u>Id.</u> at 127.

Since U.S.S.G. § 5G1.3(b) is not relevant to the determination of the defendant amended Guidelines range, and the Court has found the defendant's applicable amended Guidelines range to be 210-262 months' imprisonment, the defendant may not be sentenced to anything below 210 months' imprisonment.

> B.     A Petition Pursuant to 28 U.S.C. § 2255 to Correct Defendant's Sentence Is Untimely and Procedurally Barred

A petition pursuant to 28 U.S.C. § 2255 must be brought within one year from the date on which the conviction becomes final. See 28 U.S.C. § 2255(f)(1). The judgment in this case was entered in February 2010. ECF No. 24. The defendant first moved for a reduced sentenced by applying U.S.S.G. § 5G1.3(b) on June 9, 2020, more than ten years after the date on which his conviction became final. Accordingly, the defendant's petition is untimely. Even if the Court were to rely on the date of the defendant's Rule 36 Motion, which was filed on September 19, 2018, the defendant's petition would still be time barred. The defendant has not provided any reason to toll the one-year limitation period, nor can the government identify any such reason.

A § 2255 petition based on the ground argued by the defendant is further procedurally barred. A § 2255 petition is not a substitute for a direct appeal. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998). A defendant must directly appeal a sentence before seeking relief pursuant to a § 2255 motion unless the petitioner can "show that there was cause for failing to raise the issue, and prejudice resulting therefrom." United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)) (internal quotations omitted). Generally, cause for failing to directly appeal the sentence must come from a circumstance or situation external to the petitioner that cannot fairly be attributed to him. Id. An argument that a district court failed to subtract the time served by a defendant on a related case from the sentence imposed can be procedurally forfeited by failing to directly appeal the issue. See Anderson v. Terrell, 2015 WL 4561821, at *11 (E.D.N.Y. July 28, 2015). A § 2255 claim is not properly before the court if the petitioner fails to provide a justification for his failure to take a direct appeal. See Canales v. United States, No. 13-CR-0298, 2018 U.S. Dist. LEXIS 68916, at *12 (E.D.N.Y. Apr. 24, 2018).

The defendant has given no justification for his failure to directly appeal his sentence. The defendant's argument that the district court erred at the original sentencing by failing to apply U.S.S.G. § 5G1.3(b) would have been property raised on direct appeal. At this juncture, any § 2255 petition based on that ground is procedurally barred.

III.     Conclusion

For the foregoing reasons, the government respectfully asks the Court to deny the defendant's motion to resentence the defendant to a term of imprisonment below 210 months. The government further asks that Court to deny the defendant's motion for compassionate release for the reasons stated in the government's prior submissions.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:     /s/ Virginia Nguyen
Virginia Nguyen
Special Assistant U.S. Attorney
(718) 254-6280

cc:     Clerk of the Court (by ECF)
David Macey, Esq. (by ECF)