

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 30, 2020

By ECF

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Serge Edouard
              Criminal Docket No. 05-0400 (ERK)

Dear Judge Korman:

      The government submits this letter in response to the Court's order of November 19, 2020, seeking the government's position as to whether the Bureau of Prisons (the "BOP") properly credited the time served by the defendant in connection with the sentence imposed in this case.

      In a letter to the Court filed on May 31, 2019, the defendant stated that the government agreed that the defendant was "entitled to credit for the time he spent in custody prior to his ultimate sentencing in the EDNY case." (ECF No. 33 (the "May 31 Letter") at 3). The government did not agree with that statement and filed a reply on June 10, 2019, seeking to clarify its position. (ECF No. 34 (the "June 10 Reply")).

      Prior to filing the May 31 Letter, the defendant had directed the government to two cases – Alcantara v. Hollingsworth, 186 F. Supp. 3d 332 (D.N.J. 2016) and Walton v. Maye, No. 11-0844, WL 3423361 (W.D. Tex. 2011) – to support his argument that the defendant is entitled to credit for time spent in custody prior to sentence being imposed for his conviction in the instant matter. After reviewing those cases the government agreed with counsel that those two cases supported the defendant's argument and present factually similar scenarios to the one presented here; however, the government also noted that neither case was binding precedent on this Court and that no similar holdings had been identified within the Second Circuit. The government further noted that the defendant's motion to amend/correct the judgement under Rule 36 (ECF No. 27) could not be used to reduce the sentence, as requested by the defendant, or to challenge the BOP's execution of that sentence. Accordingly, the government maintained its opposition to the defendant's motion. (See ECF No. 34). The government reiterated that the proper vehicle for the remedy sought

by the defendant was to file a habeas petition pursuant to 28 U.S.C. § 2241, in the district where each petitioner was imprisoned.  (See id.).

The Court agreed with the government regarding the appropriate means by which the defendant could challenge his sentence and denied the defendant's motion on June 13, 2019.

The Court has now asked the government to address the merits of the defendant's claim (and thereby treat the defendant's motion as a habeas petition under 28 U.S.C. § 2241 brought before the proper court).[1]  The government submits that the plain language of 18 U.S.C. § 3585(b) precludes the BOP from double-crediting time already spent in presentence detention and that the BOP properly calculated the defendant's sentence.

Three appellate courts that have addressed this question have relied on the plain language of Section 3585 and found that the BOP may not credit a defendant with time served when that same time has been credited toward another sentence: Manni v. English, 727 Fed. Appx. 530 (10th Cir. 2018). Morales v. Zenk, 414 Fed. Appx. 383 (3d Cir. 2011) (unpublished opinion); Doan v. Lamanna, 27 Fed. Appx. 297 (6th Cir. 2011).  In these cases, a defendant was sentenced to a term of imprisonment in one district, then taken to a second district where he faced other charges, and subsequently convicted and sentenced in the second district to a concurrent term of imprisonment.  Id.  The BOP did not credit the defendants' second sentences with time served between the date sentence was imposed in the first case and the date sentence was imposed in the second case (except in Morales, where the first sentence expired before sentence was imposed in the second case and the defendant received credit toward the second sentence for time served after the expiration of the first sentence).  Id.  In each of those cases, the appellate courts denied the defendants' habeas petitions, finding that the BOP had properly calculated the defendants' sentences according to 18 U.S.C. § 3585 by refusing to credit their later sentences with the time that was already credited against their earlier sentences.

The Second Circuit has reached the same conclusion in assessing whether the BOP acts properly when it refuses to credit a federal sentence with time served on a state sentence, when the federal sentence is ordered to run concurrently with the state sentence. See Lopez v. Terrell, 654 F.3d 176, 184-185 (2d Cir. 2011) (when a defendant is convicted and sentenced in state court, and, while serving his state sentence, is indicted federally and sentenced in district court for an offense for which the relevant conduct includes his prior state conviction, the BOP is prohibited from crediting the time served on the state sentence against the federal sentence because the defendant's presentence custody has already been

---

[1] The government maintains that because the defendant is presently in custody at North Lake Correctional Facility in Baldwin, Michigan, the defendant's motion would properly be brought in the Western District of Michigan and that the defendant's instant motion should be dismissed.  See United States v. Maldonado, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001)) (a petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be addressed to the district court in the district where the petitioner is confined).

credited against another sentence). The reasoning in Lopez v. Terrell, is fully applicable to the defendant's situation, even though the defendant was serving two federal sentences, as opposed to one state sentence and one federal sentence. See id.; see also United States v. Labeille-Soto, 163 F.3d 93, 98, United States v. Gonzalez, 192 F.3d 350, 353 (2d Cir. 1999).

       Under § 3585(a), a sentence to a term of imprisonment cannot begin until sentence is imposed, see United States v. Wilson, 503 U.S. 329, 335; United States v. Labeille-Soto, 163 F.3d at 98 (2d Cir. 1998); see also Manni v. English, 727 Fed. Appx. at 533. Once a sentence has been imposed, the BOP must then credit to that sentence any time served in custody that meets the criteria of § 3585(b). The defendant does not satisfy the conditions of § 3585(b) because the time he served prior to the imposition of sentence in the instant case was already credited toward his Florida sentence.

       Based on the foregoing, the government respectfully submits that the BOP properly calculated the credit due to the defendant.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:   /s/ Virginia Nguyen
Virginia Nguyen
Special Assistant U.S. Attorney
(718) 254-6280

cc:   Clerk of the Court (by ECF)
      David Macey, Esq. (by ECF)